UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHRISTIAN DAVID FIELD**                                                                                                   **PLAINTIFF**

**VS.**                                                                           **CIVIL ACTION NO. 3:20-cv-800-HTW-LGI**

**BILLY SOLLIE, et al**                                                                                                 **DEFENDANTS**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court for a report and recommendation on the Motion for Summary Judgment [39] filed by Defendants Billy Sollie, Melissa McCarter, Lieutenant Miria Rainey, Amy Reynolds, Kasey Sellers, Casey Spears, and Ward Calhoun on January 20, 2022. The Court entered an Order on March 9, 2022, providing Plaintiff three (3) weeks, until April 1, 2022, to file a Response to the Defendants' Motion for Summary Judgment [39]. Several months have passed, and Plaintiff has not filed a response to Defendants' Motion for Summary Judgment [39]. Having considered the submissions, the record, and relevant law, the undersigned recommends that the Motion for Summary Judgment [39] be GRANTED. The undersigned recommends dismissal of this action.

**I.      Relevant Procedural History**

Plaintiff Christian David-Koenig Field is a convicted and sentenced inmate in the custody of the Mississippi Department of Corrections ("MDOC"). At the time of the incidents giving rise to this action, Field was a pretrial detainee at the Lauderdale County Detention Facility ("LCDF") in Meridian, Mississippi. Field is proceeding *pro se* and *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"). Plaintiff has brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff filed suit against Defendants Billy Sollie, Melissa McCarter, Lieutenant Miria Rainey, Amy Reynolds, Kasey Sellers, Casey Spears, and Ward Calhoun on December 14, 2020.

Doc. [1]. Plaintiff's complete allegations are set forth in his Complaint and were augmented by his sworn testimony at a *Spears*[1] hearing before the United States Magistrate Judge on July 21, 2021.

Plaintiff asserts claims against Billy Sollie, Melissa McCarter, Miria Rainey, Amy Reynolds, Kasey Sellers, Casey Spears, and Ward Calhoun for restricting, limiting, and denying him access to religious and legal materials. Plaintiff claims he experienced delays from the law library when he requested books and resources that were mailed to him. Plaintiff identifies as a "Christian Buddhist who also dabbles in esoteric science . . . which is a scientific study of the soul." Doc. [34] at 18. Plaintiff seeks to qualify certain Christian Buddhist and scientific resources as religious materials that would be exempt from the number of non-religious materials permitted to inmates. Plaintiff is "seeking both a temporary and a permanent injunction to stop the systematic denial of inmates religious/ legal materials/ books, as well as to require law library resources to inmates." Doc. [1] at 5. Plaintiff is also "seeking $100,000 to compensate for books, damage to my legal cases, [and] litigation/ court costs." *Id.* At the *Spears* hearing, Plaintiff clarified that: "I was filing not for my individual purpose, but also on behalf of all inmate's *[sic]* past, present and future at Lauderdale County Detention Facility so that they would be able to benefit from this ruling if it goes in my favor, first of all." Doc. [34] at 8.

Regarding his religious materials, Plaintiff claims that the LCDF staff denied his right to receive religious reading materials sent to him. Doc. [34] at 19-20. ("I had several different texts that were sent in at different times by different highly-regarded members of the faith, and from the North American -- the BAUS, The Buddhist Association of the United States, and the Shanghai Monastery that sent me different texts. But they wouldn't allow me to keep them; I had to turn

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

2

them in in order to get any other texts. You know, I was only allowed to have, like I said, a total of three at a time. So I wasn't allowed to keep any of them to study. I had to turn them in before I could receive any new ones through the mail."). Plaintiff alleges that, although he has been sent religious reading materials in a manner compliant with jail rules, LCDF staff is holding these materials and will not bring him "any books over the three-book limit." Doc. [34] at 10.

Defendants move for summary judgment on several grounds. First, Defendants argue that Plaintiff cannot prosecute a claim on behalf of other inmates. Second, Defendants argue that Plaintiff has failed to show any actual prejudice to support his claim for denial of access to the courts. Third, Defendants claim that Plaintiff cannot establish a violation of the First Amendment for a delay in the provision of religious materials. Additionally, Defendants move for summary judgment based on the alternative grounds that (1) Plaintiff has not exhausted available administrative remedies in Mississippi by filing a replevin action in state court against any of the defendants; (2) Plaintiff's emotional distress claim fails under the Prison Litigation Reform Act because he sustained no physical injury; (3) Plaintiff's claim for delay of receipt of religious materials should be dismissed as moot because Plaintiff is no longer housed in the LCDF; and (4) Plaintiff cannot hold Sheriff Sollie, Chief Deputy Calhoun, Major McCarter or Lieutenant Rainey liable because there is no vicarious liability under Section 1983.

## II.     Standard

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the

evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, Civil Action No. 5:03-cv-241-BN, 2005 U.S. Dist. LEXIS 43286, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

The nonmovant is not required to respond to the motion until the movant properly supports its motion with competent evidence. *Russ v. Int'l Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991), cert. denied, 503 U.S. 987, 112 S. Ct. 1675, 118 L. Ed. 2d 393 (1992). In the event the moving party has made an affirmative showing that it is entitled to summary judgment, the burden shifts to the non-moving party to come forward with evidence that creates a genuine issue for trial. *Celotex*, 477 U.S. at 330. In deciding a motion for summary judgment, the Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343

(5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

### III. Analysis

### A. Wrong Done to Other Inmates

Field testified that he filed this lawsuit not only for his individual purpose, but for all past, present, and future inmates at LDCF. Doc. [34] at 8.

> It is well settled that "a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). "[L]ike all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of [his or her] personal rights." *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986).

*Jones v. Rainey, et al.*, No. 3:18-cv-00794-DPJ-FKB, 2019 U.S. Dist. LEXIS 108548, 2019 WL 2720210 (S.D. Miss. June 28, 2019). Fields' claims based on wrongs allegedly done to anyone other than himself are dismissed with prejudice as frivolous and for failure to state a claim. Therefore, Field is the only plaintiff in this case.

### B. Access to Courts

Plaintiff alleges a claim for delay and denial of access to the law library. Field claims that this denial prevented him from doing research and assisting his court-appointed counsel with the

defense in his criminal case, as well as prevented him from prevailing in his habeas and § 1983 cases. Although Plaintiff has no legal training or background, he claims the outcome of his criminal case would have been different had he been granted access to the law library.

Prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993)). The right of access to the courts allows prisoners the opportunity to file non-frivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access the courts, such as a delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992) (citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of actual prejudice or detriment from the denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); see also *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment—a true denial of access—such as the loss of a motion, the loss of a right to commence, prosecute, or appeal in court, or a significant delay in obtaining a judicial determination in a proceeding. See *Oaks v. Wainwright*, 430 F.2d 241, 242 (5th Cir. 1970).

6

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977)); see also *Caraballo v. Fed. Bureau of Prisons*, 124 Fed. Appx. 284, 285 (5th Cir. 2005) (holding that because plaintiff had court-appointed counsel, he had no constitutional right of access to the law library to help prepare his defense, and therefore failed to state a claim upon which relief may be granted).

Because Plaintiff was represented by court-appointed counsel for his criminal case during the time of the alleged deprivation, he had no constitutional right of access to the law library. Doc. [34] at 15 ; see *Degrate,* 84 F.3d 768, 768-69; *Caraballo*, 124 Fed. Appx. at 285. Further, Plaintiff failed to allege a "relevant actual injury" caused by the alleged denial of access to the law library. See *Lewis v. Casey*, 518 U.S. 343, 349-52, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) (citation omitted) (stating that in order to prevail on an access-to-the-courts claim, plaintiff must show an '"actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim"'); see also *Donnelly v. Edwards*, 95 Fed. Appx. 702, 703 (5th Cir. 2004) (upholding dismissal of access-to-the-courts claim because plaintiff did not establish that he was unable to proceed in a court case as a result of alleged delays and denials of legal assistance); *Cartner v. Lowndes County*, 89 Fed. Appx. 439, 442 (5th Cir. 2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected").

Additionally, Plaintiff suffered no actual prejudice in habeas case no. 3:19-cv-922 because it was dismissed as moot after Plaintiff pled guilty to his criminal charges. Further, Plaintiff has not submitted any evidence that he suffered actual prejudice in § 1983 case no. 3:19-cv-901. As noted above, Field failed to respond to the instant motion for summary judgment. Consequently, the only argument before the Court from Field is his allegation that Defendants withheld legal materials based on the "three-book limit." Doc. [34] at 10. Such conclusory allegations and unsubstantiated assertions, however, are wholly insufficient to defeat summary judgment. See *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007). Therefore, Field cannot state a legal claim for denial of access to the courts and his claim should be dismissed as frivolous. Accordingly, Defendants are entitled to summary judgment on Field's claim for denial of access to courts.

**C.    Access to Religious Materials**

Plaintiff alleges a claim against Defendants for the violation of his First Amendment rights. Specifically, Field claims that the Defendants denied or ignored his requests for religious materials.

This court reviews Plaintiff's First Amendment claim under the standard set forth by the Supreme Court in *Turner v. Safley*: whether the regulation is "reasonably related to legitimate penological interests." 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987); see also *Mayfield v. Texas Dept. of Criminal Justice,* 529 F.3d 599, 607 (5th Cir. 2008). In determining the reasonableness of the prison regulation, we consider the following four factors:

> (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates; (3) "the impact accommodation . . . will have on guards and other inmates, and on the allocation of prison resources generally"; (4) whether there are "ready alternatives that could fully accommodate[ ] the prisoner's rights at de minimis cost to valid penological interests."

*Mayfield*, 529 F.3d at 607 (quoting Turner, 482 U.S. at 89-91). The *Turner* standard "also includes a neutrality requirement- 'the government objective must be a legitimate and neutral one . . . [and] [w]e have found it important to inquire whether prison regulations restricting inmates' First Amendment rights operated in a neutral fashion." *Mayfield*, 529 F.3d at 607 (quoting *Turner*, 482 U.S. at 90).

"A prisoner's First Amendment rights may be circumscribed when legitimate penological objectives such as institutional order and security outweigh the concerns associated with preservation of the inmate's right." *Schmidt v. Johnson*, 75 Fed. Appx. 218, 220 (5th Cir. 2003). Moreover, prison officials are afforded great deference in making decisions regarding jail security. *Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002).

The LDCF Inmate Handbook states that "Inmates are limited to three books in his/her cell at any one time. This does not include religious materials. Books received by inmates become the property of the LCDF and cannot be taken out of the facility." Doc. [39-3] at 9. There is no credible evidence to suggest that Plaintiff was ever denied the opportunity to receive religious materials. Rather, the summary judgment evidence shows that LDCF misinterpreted that some of Plaintiff's reading items were religious materials, thus resulting in a delay in Plaintiff receiving said religious material. However, Field is no longer housed at LDCF and removal from the complained of conditions renders Field's claim regarding access to religious materials moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Even assuming, arguendo, that Field had shown that Defendants failed to provide him specific religious materials, he has not demonstrated that he suffered any actual prejudice or detriment as a result of Defendants' alleged actions or inactions.

To the extent that Field claims that Defendants acted negligently in misinterpreting particular items as religious in nature, a claim of negligence is not actionable. It is well established that mere negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986); see also *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1998) (no claim for denial of access to courts recognized where plaintiff alleged that prison officials had negligently misplaced his mail); *Henderson v. Moore*, 2008 U.S. Dist. LEXIS 94819, 2008 WL 5068730, at *4 (S.D. Texas Nov. 21, 2008) (finding that negligence in handling of prisoner's legal mail that resulted in habeas corpus case being dismissed as untimely was insufficient to establish constitutional violation for denial of access to courts).

In sum, Field has not established that Defendants failed to provide him religious materials, nor that their alleged failure was intentional. Moreover, Field has not demonstrated that he has actually suffered any prejudice as a result of these allegations. Thus, Defendants are entitled to summary judgment on Field's claim for denial of religious material

Although Defendants have raised alternate grounds for dismissal, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991)); see also *Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Because the court finds that the Plaintiff's claims are not cognizable as constitutional claims, it need not reach the question whether the Defendants are

entitled to dismissal on the alternate grounds set forth in Defendants' Motion for Summary Judgment [39]. *Wells,* 45 F.3d at 93.

## RECOMMENDATION

The *Motion for Summary Judgment* [39] filed by Defendants Billy Sollie, Melissa McCarter, Lieutenant Miria Rainey, Amy Reynolds, Kasey Sellers, Casey Spears, and Ward Calhoun should be GRANTED.

## NOTICE OF RIGHT TO OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

SO ORDERED, this the 31st day of May, 2022.

                                        <u>/s/ LaKeysha Greer Isaac</u>
                                        UNITED STATES MAGISTRATE JUDGE